UNITED STATES of America, Plaintiff,

v.

TRI–BIO LABORATORIES, INC., and
Dennis C. Winkler, Defendants.

Civ. No. 88–0747.

United States District Court,
M.D. Pennsylvania.

Aug. 31, 1988.

Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., Gerald C. Kell, Office of Consumer Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Steven S. Hurvitz, State College, Pa., for defendants.

## OPINION

MUIR, District Judge.

### I. Introduction.

On May 17, 1988, the United States of America (hereinafter "United States") filed this action against Tri–Bio Laboratories (hereinafter "Tri–Bio") and Dennis C. Winkler (hereinafter "Winkler"). The complaint seeks to enjoin Tri–Bio and Winkler from manufacturing Gentaject, an injectable antibiotic drug intended for use in day-old chickens, and to require Tri–Bio and Winkler to bear the costs of inspections of Tri–Bio to ensure compliance with such an injunction. Also, on May 17, 1988, the United States filed a motion for a preliminary injunction seeking the same relief.

On August 4, 1988, a hearing was held on the motion of the United States for a preliminary injunction. At the hearing the Defendants consented to the issuance of a preliminary injunction enjoining Tri–Bio and Winkler from manufacturing Gentaject and authorizing employees of the United States Food and Drug Administration to inspect Tri–Bio Laboratories to ensure compliance with the preliminary injunction. The hearing was therefore limited to the question of whether Tri–Bio and Winkler should bear the costs of the inspections of Tri–Bio.

The following are the Court's findings of fact, discussion, and conclusions of law.

## II.  Findings of Fact.

1.  Defendant Tri–Bio Laboratories, Inc. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and doing business at 1400 Fox Hill Road, State College, Pennsylvania.

2.  Defendant Dennis C. Winkler is the president of Tri–Bio.

3.  Winkler is active in the daily operation of the company, and is the person most responsible for the company's activities.

4.  Tri–Bio and Winkler have manufactured and distributed in interstate commerce Gentaject, a drug within the meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 321(g)(1).

5.  Tri–Bio and Winkler received gentamicin sulfate, a component used in the manufacture of Gentaject, from sources outside Pennsylvania.

6.  By complaint filed on April 29, 1983, in the United States District Court for the Middle District of Pennsylvania, Civil Action No. 83–0559, Tri–Bio requested that a declaratory judgment be entered against the United States of America and the Food and Drug Administration declaring that Gentaject was not a new animal drug within the meaning of the Food and Drug Administration Act.

7.  By Stipulation of Voluntary Dismissal dated June 30, 1984, Civil Action No. 83–0559 was dismissed.

8.  In conjunction with the dismissal of Civil Action No. 83–0559, the United States of America agreed that it would not initiate any enforcement litigation against Tri–Bio or its officers for a period of 30 days from the date of the Stipulation of Voluntary Dismissal or 30 days after any denial of a citizen's petition to be filed by Tri–Bio on the basis that Gentaject was not an approved new animal drug.

9.  In late 1985, Tri–Bio's citizen's petition was denied by the Food and Drug Administration.

10.  On January 21, 1986, Tri–Bio filed a second complaint against the United States of America and the Food and Drug Administration in the United States District Court for the Middle District of Pennsylvania, Civil Action No. 86–0083, seeking a declaratory judgment to permit Tri–Bio to continue the manufacture and sell Gentaject without the Food and Drug Administration's approval of a new animal drug application.

11.  On January 27, 1987, this Court entered judgment in favor of the United States Government in Civil Action No. 86–0083.

12.  This Court's order granting judgment to the United States of America was affirmed by the Third Circuit Court of Appeals, 836 F.2d 135 (3d Cir.1987), and a rehearing and rehearing en banc were denied on February 1, 1988.

13.  Tri–Bio filed a petition for writ of certiorari before the Supreme Court of the United States on May 3, 1988, which writ is presently pending.

14.  Throughout the pendency of the litigation in Case No. 86–0083, Tri–Bio regularly advised the Food and Drug Administration that it was continuing to manufacture and distribute Gentaject.

15.  No agent or employee of the Food and Drug Administration ever demanded or requested Tri–Bio to cease or desist from the manufacture of Gentaject prior to the filing of the present litigation.

16.  In November 1987, Tri–Bio and Winkler manufactured a lot of Gentaject at 1400 Fox Hill Road, State College, Pennsylvania, and held that lot of Gentaject for sale to their customers.

17.  In December 1987 and January 1988, Tri–Bio and Winkler caused the introduction of the lot of Gentaject manufactured in November 1987 into interstate commerce.

18.  In February 1988, Tri–Bio and Winkler manufactured another lot of Gentaject at 1400 Fox Hill Road, State College, Pennsylvania, and held that lot of Gentaject for sale to their customers.

19.  The lots of Gentaject manufactured in November 1987, and February 1988 were manufactured using a component (gentamicin sulfate) that Tri–Bio and Winkler re-

ceived from sources outside of Pennsylvania.

20. On May 13, 1988, the United States advised Winkler that it intended to initiate the instant proceedings.

21. Tri–Bio immediately ceased the manufacture and distribution of Gentaject.

22. Tri–Bio and Winkler have not manufactured or distributed Gentaject since being notified of the current proceedings and they do not intend to manufacture or distribute Gentaject unless they are successful in their request for writ of certiorari pending in the United States Supreme Court.

23. By Consent Decree dated August 4, 1988, Tri–Bio stipulated to the entry of an Order enjoining it from further manufacture and distribution of Gentaject and agreed to permit the FDA access to its facilities for the purpose of insuring compliance with the said injunction.

### III. Discussion.

This lawsuit arises out of the manufacture by Tri–Bio and Winkler of Gentaject, in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* Gentaject is an injectable antibiotic drug intended for use in day old chickens. On August 4, 1988, on the basis of a "Consent Decree of Preliminary Injunction" filed by the parties, this Court preliminarily enjoined Tri–Bio and Winkler from manufacturing and distributing Gentaject. We also authorized the United States Food and Drug Administration to inspect Tri–Bio's facilities to ensure compliance with the preliminary injunction. The United States seeks an order of this Court requiring Tri–Bio and Winkler to bear all the costs of any such inspections.

■ This Court's inherent equitable powers permit it to order Tri–Bio and Winkler to bear the costs of the inspections. *Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 291–292, 80 S.Ct. 332, 334–335, 4 L.Ed.2d 323 (1960); *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946).

■ The United States argues that since Tri–Bio and Winkler have manufactured and distributed Gentaject in violation of the Federal Food, Drug, and Cosmetic Act and since it is incumbent upon the United States to inspect Tri–Bio to ensure that Tri–Bio and Winkler comply with the preliminary injunction issued by this Court, we should require Tri–Bio and Winkler rather than the public to bear the costs of such inspections.

It is undisputed that during the pendency of this case and the companion cases to this case, neither Tri–Bio nor Winkler concealed or attempted to conceal from the United States that Tri–Bio was manufacturing and distributing Gentaject. In fact, during the pendency of the case at 86–0083, Tri–Bio regularly advised the United States that it was continuing to manufacture and distribute Gentaject. The United States never objected to Tri–Bio's manufacture or sale of Gentaject. It is further undisputed that upon notification from the United States that it intended to file the case now before us, Tri–Bio and Winkler agreed immediately to cease the manufacture and distribution of Gentaject. Moreover, in this case, Tri–Bio and Winkler specifically agreed to the entry of an order enjoining them from further manufacture or distribution of Gentaject.

In light of the foregoing, there is in our view no reasonable likelihood of future violations, and accordingly, no necessity that this Court exercise its inherent equitable powers to require Tri–Bio and Winkler to pay the cost of inspections to ensure that the preliminary injunction is obeyed. Inspections will in all probability be unnecessary. However, if inspections should be made, and if a violation should be determined, we will consider imposing whatever sanctions may be appropriate.

### IV. Conclusions of Law.

1. There is no reasonable likelihood of future violations of the Act.

2. There exists no statutory authority that requires reimbursement to the United States for the costs of inspections to ensure compliance with the Federal Food, Drug, and Cosmetic Act.

**226**

3. Equity would not be served by an order requiring Winkler and Tri–Bio to reimburse the United States for the cost of inspections to ensure compliance with the Federal Food, Drug, and Cosmetic Act.

An appropriate order shall issue.

## ORDER

The request of the United States that Tri–Bio Laboratories, Inc., and Dennis C. Winkler bear the costs of inspections of Tri–Bio Laboratories, Inc. to ensure compliance with the preliminary injunction issued by this Court enjoining Tri–Bio Laboratories, Inc. and Dennis C. Winkler from manufacturing and distributing Gentaject is denied.